George A. Douglas
& Brother, Inc.
vs.                    } Eq. No. 7502
Clarence Mallette,
et al.

OCTOBER 28, 1925

Baker, J.    Heard on prayer for a preliminary injunction to restrain the respondents from preventing the employment of certain members of the Painters' Union on work in the City of Providence at the scale of wages and under the terms and conditions regularly recognized by the Painters' Local Union for work in said Providence.

The single question in issue in this case relates to the legality or illegality of certain sections of the constitution of the National Union of Painters, Decorators and Paperhangers of America, as passed at one of the general conventions of said Union.

The rules or sections in question provide in substance that where there

is a difference between the wage scales of two cities, all members of the Union employed upon a job done in one of the two cities by an employer from the other shall receive tne higher of the two wage scales, and if there is a difference in the work day, the shorter shall prevail. They also provide that at least 50% of the employees shall be from the locality in which the work is being done. These rules or sections are enforced by penalties imposed upon the members of the Union by the Union itself.

The evidence in this case shows that the complainant is a Connecticut corporation located in Bridgeport in said State. It took a contract to do certain painting in the City of Providence in this State. The wage scale as recognized by the Union in the City of Bridgeport is $9 per day for a day of eight hours and five days per week. The scale of wages in effect in the City of Providence as recognized by the local Union is $8 a day for an eight hour day for five and a half days per week. The complainant brought with it to the City of Provinence a man named Purdy as foreman, to whom it paid the Bridgeport rate of wages. It employed in Providence several Union painters to whom it paid the Providence rate. Work was done under the contract for a short time. when the matter came to the attention of the business agent of the Providence Union. He had a conference with the employees on the job and after some little delay the men, including Mr. Purdy, stopped work. The complainant's affidavits tend to show that the business agent of the Providence Union called the men out. He testifies, however, that he merely called the attention of the men to the rules above referred to and explained to them that they were violating those rules and under the regulations of the Union became liable to a fine, and that thereupon

the men stopped work of their own volition. This seems to be the only question of fact in dispute.

The rules of the Union in question have been passed upon recently by a few courts in cases where the facts very strongly resemble the situation in the present case. There are two sharply defined and distinct lines of cases. In Hass, Inc., vs. Local Union No. 17 &c., 300 Fed. Rep. 894, decided in the U. S. District Court for the District of Connecticut, the Court held, in a rather brief opinion, that it would refuse on motion to dismiss a bill of complaint similar to the bill in the case at bar. The decision seems to rest on an opinion rendered in the New Jersey Chancery Court, which said opinion has since been overruled by the Court of Errors and Appeals in New Jersey, and on an opinion of a lower court in the District of Columbia. The other line of cases holds that in a proceeding such as this the complainant is not entitled to relief.

N. J. Painting Co. vs. Local No. 26. &c., 126 Alt. Rep. 399.

This case reversed the decision of the N. J. Chancery Court above referred to.

In the case of H. Newton Marshall vs. Brotherhood of Painters Decorators and Paperhangers of America, &c., No. 10111, March term 1925, Common Pleas No. 1, Philadelphia, Pa., a decision of a lower court, the opinion of the New Jersey Court of Errors & Appeals, supra, was followed, denying the complainant relief.

After careful consideration of the question involved, the Court is inclined to follow the law as laid down in the case of the N. J. Painting Company vs. Local No. 26, supra. The case of Hass, Inc., vs. Local Union No. 17, supra, seems to be decided on the theory that the rules in question are in restraint of trade, tend to discriminate unjustly against·

contractors and bidders away from the locality where the work is being done and that the public is injured.

The Court finds itself unable to follow this line of reasoning entirely. In the judment of the Court the rules in question are not in restraint of trade within the generally accepted meaning of that phrase. It should be noted that the rules under discussion are regulations of the Painters' Union and are not public statutes. If the public is injured in any way by the enforcement of the rules in question, which fact the Court does not believe, it is certainly a very remote injury. While perhaps it is true that the regulations under discussion may operate incidentally in some cases against contractors and bidders away from the locality where the work is being done, this does not necessarily make the rule illegal in the judgmnt of the Court.

It would appear to the Court that the rules and regulations in question are directed at no one person or no one contractor in particular. They are not aimed at the complainant, nor at out of town contractors in general. They apply to all Union work over the entire United States.

In the judgment of the Court the fundamental purpose of the sections and rules in question is to regulate wages, methods and hours of work. The rules were apparently passed in good faith by the Union for the regulation of its own affairs, and not for the purpose of discriminating against any one, or of restraining trade, or of injuring the public. They obviously have in mind the establishing of a sliding scale of wages. It would seem clear that from the point of view of the Union it would be unwise to have different members of the Union from different localities working on the same job in the same place and receiving different wages for doing the same work. It clearly became necessary for the Union to regulate this

matter by some rule; particularly as it is common for large employers at the present time to take contracts away from the locality in which they are situated, and frequently to move their own employees from place to place on different jobs. Apparently the Union had the choice of fixing the wage scale at the higher of the two, where there was a difference in the wage scales of the localities, or at the lower of the two, or at the scale of wages prevalent in the place where the work was being done. Perhaps this latter might have been fairer, or the more reasonable regulation, but that is open to argument, is a question upon which all might not agree, and the whole matter in any event is one relating to the internal affairs of the Painters' Union. If the Union had provided that the lower of the two wage scales prevailed, or that the wage scale of the place where the work was being done governed, the Court can readily see where, as in the instant case, men employed in Bridgeport at $9 a day might well refuse to come to work in Providence at $8 a day. Further, if the lower of the two wage scales should be selected, the Court can easily imagine a case where a local contractor living in the place where the wage scale was high might be just as much discriminated against in bidding as the complainant contends it is.

The Union has seen fit to provide that under the facts of such a case as is now before the Court the higher of the two wage scales shall prevail, and the Court sees nothing illegal in such a regulation.

There is no question, of course, at the present time but what employees have a perfect legal right to fix a price upon their labor and refuse to work unless that price is obtained, and they have this right not only as individuals but also in combination. They have the right to strike if such strike is con-

ducted in a lawful manner and for no unlawful purpose. Of course, if the purpose of the strike is illegal, or if the means employed in conducting the strike are unlawful, then the Court should give relief by way of injunction. But that does not seem to be the situation in the case at bar. This is not an instance where any unlawful means have been attempted to be used.

On the facts, therefore, as shown by the testimony in this case, and on the law, the Court is of the opinion that the complainant is not entitled to a preliminary injunction and the prayer for the same is denied.

For Complainant: Percy W. Gardner and Ada L. Sawyer.

For Respondents: Sherwood, Heltzen and Clifford.